# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MICHAEL ANTHONY LORUSSO,**

    **Petitioner,**

**v.**                                                                    **Case No. 4:22cv005-MW/MAF**

**PINELLAS COUNTY JAIL, et al.,**

    **Respondents.**

_____/

## **REPORT AND RECOMMENDATION**

On or about December 29, 2021, Petitioner Michael Anthony Lorusso, a state inmate proceeding pro se, filed a "Petition for A Class Action USC § 2254." ECF No. 1. The Clerk of Court opened this case, with that filing, as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.

As an initial matter, the styling for the filing appears ambiguous as it indicates it is "In the United States Florida Northern Middle District Florida." ECF No. 1 at 1. Thus, it is not clear that Petitioner intended to file it in this Court. *Id*.

Further, from a review of Petitioner's hand-written filing, the relief he seeks is not clear. *See* ECF No. 1. He states "Petitioner is a class action Habeas Corpus for all inmates that was housed in the Pinellas County Jail"

and asserts he "was a pretrial detainee in the Pinellas County Jail, a[] Federal holding facility."  *Id*. at 1.  As his first claim, he asserts a "Violation of Legal Mail" and explains "[t]he Pinellas County Jail officials are opening privileged sealed constitutional protected "Legal Mail."  *Id*. at 1-2.

As his second claim, Petitioner asserts "All Convictions Are Illegal," explaining "[a]ll convictions of Federal inmates since 2011 the election of Sheriff Bob Gualtieri are illegal under violation of attorney-client privilege."  *Id*. at 2.  He explains that Respondent "opened his privileged constitutional protected clearly marked 'Legal Mail' and used the content inside as evidence in his trial."  *Id*.  He asserts that "[t]he Pinellas County authorities are opening up sealed 'Legal Mail' which means all convictions in Federal Court for the last ten years are illegal."  *Id*.  He further asserts the jail "is also recording all jail video visitation of the jail with attorneys" and "this illegal procedure is all done without a court order as required by the Supreme Court."  *Id*.

Other than his assertion that his "privileged constitutional protected clearly marked 'Legal Mail'" was improperly opened and used as evidence in his trial, nothing indicates Petitioner Lorusso is seeking federal habeas relief by challenging a state court conviction and sentence.  *See* ECF No. 1.  The petition is not on the proper habeas corpus form, Petitioner has not provided

service copies, and Petitioner has not paid the $5.00 filing fee or submitted a motion for leave to proceed in forma pauperis.

Assuming Petitioner is seeking federal habeas relief, a review of the website for the Florida Department of Corrections reflects that he is incarcerated pursuant to a state court judgment and sentence from Pinellas County, Florida.  See www.dc.state.fl.us/offenderSearch.  Pinellas County is in the Middle District of Florida.  See 28 U.S.C. § 89(b).

For federal habeas corpus actions, jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration).  Petitioner Lorusso is currently incarcerated at the Polk Correctional Institution, in Polk City, Florida, which is in the Middle District of Florida.  ECF No. 1 at 3; see 28 U.S.C. § 89(b).

Thus, if Petitioner Lorusso is seeking federal habeas relief, this Court does not have jurisdiction as it this is neither the district of conviction nor the district of confinement.  In an abundance of caution, this petition should be transferred to the United States District Court for the Middle District of Florida, Tampa Division.  *Id*.; M.D. Fla. R. 1.04(a).  See Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

Accordingly, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 7, 2022.

<u>S/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**